This action will be for every fresh continuance after a former action brought. It is not usual to give heavy damages in the first verdict, that is chiefly to ascertain the fact whether nuisance or not. If the party afterwards remains obstinate, and a second action becomes necessary, there the damages are usually high. There is some evidence of the assent of the plaintiff's father that defendant might build the mill, and of a subsequent agreement that the plaintiff's father would rest satisfied if the defendant would cut down the dam to 7 1/2 feet; but as no land can be conveyed without deed or other notorious acts, so a man's lands cannot be charged by any matter of less solemnity. A license to overflow a man's land by a millpond, for this reason is not good if only verbally given — and this to avoid the danger of charging or affecting a man's real property by suborned oaths.
See Carruthers v. Tillman, post., 501., Rev. ch. 773, Laws 1809, points out a new mode of obtaining redress where lands are overflowed by a millpond, which takes away the common law right of suing, unless in the case specified by the act. Mumford v. Terry, 4 N.C. 308. In proceeding under the act of 1809, if the defendant dies, the heirs cannot be made parties, and the suit must abate, Fellows v. Fulghum, 7 N.C. 254. *Page 197